**UNITED STATES of America,**

**v.**

**Michael UVINO, Philip Costanza, Brian Dono, and John Tripi, Defendants.**

**No. 07–cr–725 (JBW).**

United States District Court, E.D. New York.

Dec. 15, 2008.

As Amended Dec. 19, 2008.

Deborah Sue Mayer, Elizabeth Geddes, James Donald Gatta, United States Attorneys Office, Brooklyn, NY, for United States of America.

Michael S. Washor, Nicholas J. Pinto, Law Offices of Michael S. Washor, New York, NY, Steven Lloyd Brounstein, Papa, DePaola & Brounstein, Bayside, NY, Charles Samuel Hochbaum, Charles S. Hochbaum, P.C., Brooklyn, NY, Scott Yale Auster, Law Office of Scott Auster, Esq, Carmel, NY, for Defendants.

## ORDER ON USE OF FBI REPORTS TO IMPEACH UNAVAILABLE WITNESSES

JACK B. WEINSTEIN, Senior District Judge:

In the course of preparation for trial, it became clear that two alleged victims of assault will not be called to testify for either party because they would invoke the Fifth Amendment. The court recognizes its power to call the individuals under Federal Rule of Evidence 614(a), but prefers to avoid the unnecessary spectacle of their invoking the Fifth Amendment in the jury's presence.

·Both the individual's voices have been heard by the jury through the govern-

ment's evidence, consisting of a tape taken from a recording device worn by a confidential informant during the alleged assault. The individuals are hearsay declarants whose excited utterances and statements have been admitted via the tape. The defendants maintain that they should be allowed to attack the credibility of the two individuals, in part because their screams of pain were feigned.

The government offered to stipulate to the admission by one of the individuals contained in an FBI agent's report ("Form 302") that he had faked a seizure during the course of the taped assault. The court informed the parties that it would consider admitting other portions of the 302s as evidence that would bear on the credibility of the two individuals. *See* Fed.R.Evid. 104(a) ("[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court").

> Federal Rule of Evidence 806 provides: When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

By permitting any impeachment evidence that would be admissible had the declarant testified, "Rule 806 renders Rule 608's impeachment rules applicable to a declarant's out-of-court statements." *United States v. Moskowitz*, 215 F.3d 265, 270 (2d Cir. 2000), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See, e.g., United States v. Delvi*, 275 F.Supp.2d 412 (S.D.N.Y.2003) (after admitting statements of victim as "excited utterances" under Rule 803(2), the court permitted defendants to impeach him under Rule 806 through evidence of the victim's criminal history, his drug use prior to making the admitted statement, and his later inability to identify a defendant from a photo array).

Federal Rule of Evidence 608 permits impeachment by introduction of evidence of the character for untruthfulness of a witness. While Rule 608(b) ordinarily does not permit the introduction of extrinsic evidence of specific instances of conduct for such purposes, the Court of Appeals for the Second Circuit has suggested that extrinsic evidence of specific instances may be admissible through Rule 806, since that rule applies only "when the declarant has not testified and there has by definition been no cross-examination, and resort to extrinsic evidence may be the only means of presenting such evidence to the jury." *United States v. Friedman*, 854 F.2d 535, 570 n. 8 (2d Cir.1988).

The defendants prepared a list of sixteen selections from the 302s covering FBI interviews of the two individuals, requesting that they be admitted in order to attack the credibility of the alleged victims under Federal Rule of Evidence 806. The government objected to some selections and argued that some should be expanded to include necessary context. *See* Gov't's Letter of Dec. 4, 2008, Docket Entry No. 217. At a conference, the parties finalized the portions of the 302s to be entered in evidence, the court having ruled on objections and included additional portions of the 302s necessary for completeness. *See* Fed.R.Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or record-

ed statement which ought in fairness to be considered contemporaneously with it.").

Had the government applied in the first instance to introduce material from the 302s, the request would have been denied. The government's offering of the 302s directly would constitute a violation of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *Cf. also* Fed.R.Evid. 804(b)(3) (declaration against penal interest hearsay exception) (statement of criminal liability was not one "that a reasonable person in the declarant's position would not have made ... unless believing it to be true" because declarants had reason to curry favor and obtain governmental protection). The government agent creating the documents may have had reason to slant the facts in the government's favor, reducing the reliability of the evidence if introduced by that party. The government also had the option to make these witnesses available by granting them immunity.

■■■■ Admission of statements from the 302s at the request of the defendants is appropriate here. There is no *Crawford* problem, because the evidence will not be offered against the defendants, but rather by the defendants. *See Crawford,* 541 U.S. 36, 124 S.Ct. 1354. In admitting evidence under Rule 806, "[s]pecific issues of whether a declarant's past conduct may actually cast doubt on the credibility of [his] statements must be determined by comparing the circumstances of the past conduct with those surrounding the hearsay statements admitted into evidence. Such assessments, like determinations of relevance and rulings as to the proper scope of cross-examination, must be left to the broad discretion of the trial judge." *Friedman,* 854 F.2d at 570 (internal citations and quotation marks omitted; alteration in original). In this case, evidence of the statement about faking a seizure during the alleged assault is admissible as a statement by the declarant that is inconsistent with the declarant's hearsay exclamations heard on the tape. Evidence of prior dishonest acts of the declarants, including participation in an armed robbery and fabrication of a story to explain the robbery, is admissible so that the jury can weigh it in considering whether the exclamations of the alleged victims heard on the tape were in part or whole a fabrication.

The court informed the parties that it would give the following jury instruction prior to the reading of portions of the 302s by the defendants:

I am going to explain what is now going to transpire.

The defendants will be reading small portions of a number of FBI agents' reports on their interviews with two people allegedly attacked. These reports, or "Form 302" documents, are furnished to the defendants by court order, with all other evidence in the government's file, to permit defendants to prepare for trial. They are not normally introducible into evidence in part because they are hearsay and are based on the FBI agent's impressions of what he thought was being said. They are normally utilized, however, in cross-examining witnesses, particularly in attacking their credibility with respect to inconsistent statements.

In this case, the two people allegedly attacked, Andrew DeMarco and Christopher Verderosa, are not being called as witnesses. The court has been informed that DeMarco and Verderosa would each invoke his right against self-incrimination under the Fifth Amendment, refusing to answer any relevant questions. The fact that a witness refuses to testify, relying on the Fifth Amendment, does not imply his guilt of a crime; it should not be considered by you in evaluating any evidence or inferring guilt of anyone.

Reliance on the Fifth Amendment does, however, explain why these individuals are not witnesses.

You have heard a tape recording that includes the voices of these two individuals allegedly being attacked and suffering pain. The credibility of their sounds on the tape may be considered by you. Because the posture of these two individuals prevents the defendants from attacking their credibility before you, the court is permitting the defendants to read to you small excerpts from relevant 302 documents. These two individuals did not see or participate in the making of the reports, and the vast bulk of the reports of the interviews with them will not be introduced.

These 302s will be offered by the defendants to attack the veracity of the exclamations of the hearsay declarants on the tape. It is irrelevant who is deemed to have "called" these two hearsay declarants. A party may attack the credibility of a witness he or she calls. Fed.R.Evid. 607.

SO ORDERED.